UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYLER EDWARD STEVENS, | : | CIVIL NO: 4:25-CV-02023 |
| | : | |
| Petitioner, | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| RICKY HURLER, | : | |
| | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

## I.  Introduction.

This case comes before the court on a petition for a writ of habeas corpus by a pretrial detainee, Tyler Edward Stevens ("Stevens"). *Doc. 1*.   Because pretrial habeas corpus relief is inappropriate in this case, we conclude that it would be appropriate to dismiss his petition as stated.   We granted Stevens leave to file an amended petition for a writ of habeas corpus, but he did not do so.   Accordingly, we recommend that the court dismiss the petition and close the case.

## II.  Discussion.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court should promptly review a habeas petition and dismiss the petition if it plainly appears that the petitioner is not entitled to relief. And the court may apply Rule 4 to habeas petitions brought under 28 U.S.C.

§ 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United

States District Courts ("The district court may apply any or all of these rules to a

habeas petition not covered by Rule 1(a).").

"For state prisoners, federal habeas corpus is substantially a post-conviction

remedy." *Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975).   Nevertheless,

federal courts have jurisdiction pursuant to 28 U.S.C. § 2241 to issue the writ

before a judgment is rendered in a state criminal proceeding. *Id.* at 441–42.   In

pre-trial situations, exhaustion of state remedies is not statutorily mandated as in

post-trial situations. *Compare* 28 U.S.C. § 2254(b) *with* 28 U.S.C. §2241.   But an

exhaustion requirement in the 28 U.S.C. § 2241 pre-trial context has developed

through decisional law. *Moore,* 515 F.2d at 442.   Thus, "although there is a

distinction in the statutory language of §§ 2254 and 2241, there is no distinction

insofar as the exhaustion requirement is concerned." *Id.*

The exhaustion requirement serves the interests of comity between the

federal and state systems by allowing the state an initial opportunity to determine

and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*,

526 U.S. 838, 844 (1999).   The court may issue a writ of habeas corpus without

exhaustion at the pre-trial stage only where extraordinary circumstances are

present. *Moore,* 515 F.2d at 443.   Jurisdiction under § 2241 must be exercised

sparsely in order to prevent "pre-trial habeas interference by federal courts in the

normal functioning of state criminal processes." *Moore,* 515 F.2d at 445–46.

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v. Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971).   To be fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to the state courts. *O'Halloran*, 835 F.2d at 508.   Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845.

Here, Stevens is a pre-trial detainee at the Potter County Jail. *Doc. 1* at 1. Stevens filed a form petition. *Id.*   On the form, he marks the boxes that indicate he did not "appeal the decision, file a grievance, or seek an administrative remedy[.]" *Doc. 1* at 2, 3.   Confusingly, in the section titled "other appeals" where the form asks "Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?" Stevens replies yes. *Doc. 1* at 5.   But he leaves blank the line designated for writing the "[k]ind of petition, motion, or application" and writes only that a hearing took place on October 15, at the "Potter County Court House." *Id.*   Stevens does not write the

result of the hearing or the date of any result. *Id.* Stevens writes that the issues

raised at this hearing were:

> 8th Amendment – excessive bail, cruel punishment
> 4th Amendment – Due Process violations
> 14th Amendment – Due Process violations

*Id.* He has not alleged that he exhausted state remedies as to any claims that he is

asserting in the present petition.

Moreover, Stevens has failed to flesh out the grounds for his petition.

Specifically, in the section of the form petition designated for "Grounds for Your

Challenge in This Petition" Stevens lists four grounds. *Doc. 1* at 6. Stevens lists

ground one as "8th Amendment" and in the section titled "supporting facts" he just

writes "Excessive Bail." *Id.* Similarly, for ground two Stevens writes "14th

Amendment Due Process" with no supporting facts. *Id.* And ground three is "5th

Amendment" with "Due Process – being held since Sept 24th with no indictment

against me" written in the supporting facts subsection. *Id.* Finally, for ground

four, Stevens writes "6th Amendment" and provides only "unfair trial – rushed

conviction" as supporting facts. *Id.* at 7. Stevens does not check the box on the

form petition to indicate that he presented the above grounds in any appeals. *Id.* at

6–7.

Furthermore, the court should not enjoin the state criminal proceedings

against Stevens. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States

Supreme Court "held that absent extraordinary circumstances federal courts should

not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v.*

*Council of City of New Orleans*, 491 U.S. 350, 364 (1989).   Here, Stevens' request

for immediate release is akin to a request to enjoin the state criminal prosecution

against him.[1]

 "*Younger* applies to only 'three exceptional categories' of proceedings:

(1) 'ongoing state criminal prosecutions'; (2) 'certain civil enforcement

proceedings'; and (3) 'pending civil proceedings involving certain orders uniquely

in the furtherance of the state courts' ability to perform their judicial functions.'"

*Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 462 (3d Cir. 2019)

(quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)).   When dealing

with one of the categories of cases to which *Younger* applies, courts address three

supplemental conditions before deciding whether abstention under *Younger* is

appropriate. *Borowski v. Kean Univ.*, 68 F.4th 844, 849 (3d Cir. 2023).   "Those

requirements—referred to as the *Middlesex* conditions—are that the state

---

[1] We note that the letter sent by the court on October 27, 2025, the same day
the petition was received, was returned as undeliverable. *Doc. 5*.   The Clerk of
Court called Potter County Jail, and the Deputy Warden confirmed Stevens'
release on October 28, 2025. *Id.*   In our November 10, 2025 Order granting
Stevens leave to file an amended petition for writ of habeas corpus, we noted that
if Stevens has been released, he may no longer wish to proceed with this petition
and should inform us of such fact.   Stevens did not file anything with the court,
and more mail was returned as undeliverable. *Docs. 7, 8*.

proceeding (i) be ongoing and judicial in nature; (ii) implicate important state interests; and (iii) afford an adequate opportunity to raise federal claims." *Id*.

Here, the sparse allegations reflect that there is an ongoing criminal case against Stevens which is judicial in nature. Further, criminal proceedings implicate important state interests. And none of Stevens' allegations reflect that he would be unable to raise any claims that he is being held in violation of the United States Constitution in the state criminal proceedings. Thus, absent exceptional circumstances, the court must abstain from enjoining the state criminal proceedings.

"*Younger* abstention is not appropriate if the federal plaintiff can establish that (1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). Stevens' meager allegations do not amount to the type of exceptional circumstances that would preclude *Younger* abstention. In sum, pursuant to *Younger*, this court should not exercise jurisdiction over Stevens' pretrial habeas petition.

## III.   Recommendation.

For the foregoing reasons, we recommend that the Court dismiss the petition for a writ of habeas corpus and close this case.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. ' 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.   Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local Rule 72.2 shall apply.   A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 12th day of January 2026.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

7