IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYLER EDWARD STEVENS,<br>**Plaintiff** | No. 4:25cv2023 |
| | (Judge Munley) |
| v. | |
| | (Magistrate Judge Schwab) |
| RICKY HURLER,<br>**Defendant** | |

## ORDER

Before the court is a Report and Recommendation ("R&R") from Magistrate Judge Susan E. Schwab, which recommends dismissal of Tyler Edward Stevens's petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 9). After a review of the petition, Magistrate Judge Schwab recommends that the court should not exercise jurisdiction over Stevens's pretrial detention habeas matter pursuant to the Younger doctrine.

The R&R was issued on January 12, 2026. No objections to the R&R have been filed and the time for such filing has passed. The R&R is thus ready for review.

In deciding whether to adopt an R&R when no timely objections are filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear

error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After reviewing plaintiff's petition for writ of habeas corpus, the court finds neither clear error on the face of the record nor a manifest injustice in Magistrate Judge Schwab's management of the petition or in her analysis. Therefore, the court will accept the R&R and adopt it in its entirety. Stevens's petition will be dismissed, and this case will be closed.[1]

Accordingly, it is hereby **ORDERED** that:

1) The R&R, (Doc. 9), is **ADOPTED**;

2) The petition for writ of habeas corpus, (Doc. 1), is **DISMISSED**; and

3) The Clerk of Court is directed to close this case.

Date: 2/2/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

---

[1] Stevens was detained in the Potter County Jail in Coudersport, Pennsylvania for a period of time. (Doc. 1). Stevens appears have been released from Potter County Jail and did not provide a forwarding address to the court. (See Docs. 6–8). Consequently, his request for habeas relief is also moot. Nothing in the R&R or this order impacts any claim the petitioner may have under 42 U.S.C. § 1983.

2